# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSABEL ROZANA MOREIRA VENTURA,<br><br>                    Petitioner,<br><br>         v.<br><br>FERETI SEMAIA, ET AL.,<br><br>                    Respondents. | Case No. 5:26-cv-04273-AJR<br><br>**ORDER ISSUING TEMPORARY RESTRAINING ORDER TO PRESERVE THE COURT'S JURISDICTION** |

On July 30, 2026, Petitioner Rosabel Rozana Moreira Ventura (A# 205-066-093) ("Petitioner"), an immigration detainee represented by counsel, filed a Petition for Writ of Habeas Corpus (the "Petition"). (Dkt. 1.)  Petitioner contends that she was ordered removed Guatemala, but granted withholding of removal to Guatemala on September 17, 2018. (Id. at 2.)  Petitioner states that she was released on an Order of Supervision ("OSUP") and granted employment authorization from the Department of Homeland Security ("DHS").  (Id.)  Petitioner further states that she has complied with every request, demand, and requirement imposed by immigration authorities, including attending her scheduled check-ins with Immigration and Customs Enforcement ("ICE").  (Id. at 2-3.)

Petitioner contends that upon attending her scheduled ICE check-in on July 24,

2026, she was detained by ICE.  (Id. at 3.)  Petitioner states that she was presented with a Notice of Removal to Mexico and forced to sign for service of the notice by immigration officers.  (Id. at 3-4.)  Petitioner contends that she has not received any meaningful notice or opportunity to present a fear-based claim to challenge her removal to Mexico.  (Id. at 4.)  Accordingly, Petitioner seeks the opportunity to present a fear-based claim to challenge her removal to Mexico.  (Id. at 5.)

On August 4, 2026, Respondents Fereti Semaia, Ernesto Santacruz, Jr., Todd Blanche, Markwayne Mullin, and David Venturella (collectively, "Respondents") filed a Notice of Intended Removal notifying Petitioner and the Court that ICE has scheduled Petitioner's removal to Mexico for August 8, 2026.  (Dkt. 6 at 2; Dkt. 6-1.)  On Augsut 5, 2026, Petitioner filed an *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause re Preliminary Injunction (the "*Ex Parte* Application").  (Dkt. 7.)  The *Ex Parte* Application seeks a temporary restraining order to prevent Petitioner's removal pending final resolution of the Petition.  (Dkt. 7-1 at 9.)

The Court appreciates Respondents providing prompt notice of intended removal consistent with General Order 26-05 and issues the following temporary restraining order for the limited purpose of preserving the Court's jurisdiction to rule on the Petition. Therefore, **IT IS ORDERED** that Petitioner shall not be removed from the United States unless and until this Court orders otherwise.  See Cal. Energy Comm'n v. Johnson, 767 F.2d 631, 634 (9th Cir. 1985) ("The All Writs Act, 28 U.S.C. § 1651(a), empowers the federal courts to issue writs of mandamus necessary to protect their prospective jurisdiction."); see also Belbacha v. Bush, 520 F.3d 452, 455-56 (D.C. Cir. 2008) ("If a case presents a 'substantial' jurisdictional question, then under the All Writs Act, 28 U.S.C. § 1651, a district court may act to preserve its jurisdiction while it determines whether it has jurisdiction.").

Further, given Petitioner's interest in participating in further proceedings before this Court and maintaining adequate access to legal counsel throughout the duration of these proceedings, **IT IS ORDERED** that Petitioner shall not be transferred outside the

Central District of California absent further order from this Court.  See United States v. United Mine Workers of Am., 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief.").

The Court notes that Respondents' answer to the Petition is due no later than August 6, 2026.  (Dkt. 5.)  Respondents are welcome to file their answer early if they want to expedite briefing.  Petitioner shall have 3 days from the filing of the answer to file a reply.  Once the deadline for Petitioner to file a reply passes, the Court intends to promptly rule on the Petition and vacate the temporary restraining order set forth herein.

**IT IS SO ORDERED.**

DATED:  August 5, 2026

_____
HON. A. JOEL RICHLIN
UNITED STATES MAGISTRATE JUDGE

3